# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| **DEXTER ROGERS,** *Individually and as* | ) | |
| *Personal Representative of the estate of* | ) | |
| **Carrie Bell Rogers,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:16-cv-00040-RL-SLC** |
| | ) | |
| **ALLEN COUNTY SUPERIOR COURT,** | ) | |
| *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court is a "Motion to Disqualify Attorney Generals' Office from Representing the Defendants Stemming from Conflict of Interest" (DE 47) filed on May 5, 2016, by pro se Plaintiff Dexter Rogers, individually and as personal representative of the estate of Carrie Bell Rogers and the estate of Premius Rogers ("Rogers"). In the motion, Rogers seeks to disqualify the Indiana Attorney General's Office (the "IAG's Office") and Deputy Attorney General Benjamin Jones, counsel to Defendants Allen Superior Court, Judge Nancy Eschoff Boyer, Judge Stanley A. Levine, and Judge Wendy W. Davis (collectively, the "State Defendants"), due to a purported conflict of interest. The State Defendants filed a response to the motion on May 19, 2016 (DE 49), and Rogers filed a reply on June 3, 2016 (DE 50).

For the following reasons, Rogers's motion to disqualify will be DENIED.

### A. Factual and Procedural Background

On January 28, 2016, Rogers filed this case against Defendants Parkview Hospital, Inc. ("Parkview"); its chief executive officer, Michael J. Packnett; and the State Defendants, alleging various violations of his civil rights stemming from a medical malpractice case that he has been

litigating against Parkview and certain medical professionals in Allen Superior Court. (DE 1;

DE 47 ¶ 2); *see Rogers v. Anonymous Physician A*, No. 02D03-1401-CT-000039 (filed Jan. 22,

2014). The state case is currently pending on appeal. (DE 47 ¶ 11).

As Roger sees it, Jones and the IAG's Office must be disqualified from representing the

State Defendants in this action due to a purported conflict of interest arising from Deputy

Attorney General Kelly Paulter's representation of the medical professional defendants in

Rogers's state case prior to Paulter joining the IAG's Office. (DE 47 ¶¶ 3-6). Paulter, who is

now the Assistant Section Chief of the Civil Litigation Section of the IAG's Office, has not

appeared in this action. (DE 47 ¶ 9). Nevertheless, Rogers is concerned because Paulter

received a "Notice of Completion of Clerk's Record" in his state case after she joined the IAG's

Office. (DE 47 ¶ 12). The Notice, which Rogers attached to his motion, consists of a single

page and indicates that it had a "Chronological Case Summary" attached to it. (DE 47 at 19-20).

Additionally, Rogers argues that Paulter "potentially has access" to a consumer complaint that he

filed with the Indiana Attorney General's Consumer Protection Division in November 2014

concerning Parkview and various medical professionals. (DE 47 ¶¶ 7, 27).

On this basis, Rogers believes that Paulter is privy to "highly material information" about

his state case, and that given the nature of her supervisory role at the IAG's Office, she could

share this information with Jones, resulting in prejudice to Rogers. (DE 47 ¶¶ 27, 31, 38, 45-46).

Thus, as Rogers sees it, Paulter has a conflict of interest in this action imputable to Jones and the

IAG's Office, necessitating their disqualification. (DE 47 ¶ 44).

On this backdrop, Rogers asks the Court to: (1) disqualify Jones and the IAG's Office

from this action; (2) order Paulter to provide an affidavit about her involvement in this case and

the state case; (3) order Jones to show that screening procedures were employed and that

Rogers's "informed consent" was obtained; and (4) appoint a "special master" to hear this

motion.  (DE 47 at 10).

## B. *Legal Framework*

Pursuant to Local Rule 83-5(e), the Northern District of Indiana has adopted the Indiana

Rules of Professional Conduct and the Seventh Circuit Standards of Professional Conduct as the

standard of professional conduct.  *See* N.D. Ind. L.R. 83-5(e).  In his motion, Rogers cites

Indiana Rules of Professional Conduct 1.7 (conflicts of interest: current clients); 1.9 (conflicts of

interest: former clients); 1.10 (imputation of conflicts of interest); and 1.11 (special conflicts of

interest for former and current government officers and employees).

"The disqualification of an attorney is a 'drastic measure which courts should hesitate to

impose except when absolutely necessary.'"  *Mills v. Hausmann-McNally, S.C.*, 992 F. Supp. 2d

885, 890 (S.D. Ind. 2014) (quoting *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993)).

"Accordingly, motions to disqualify are treated with 'extreme caution.'"  *Id.* (quoting *Freeman

v. Chi. Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982)).  "Caution is warranted both

because disqualification motions 'can be misused as techniques of harassment,' and because the

consequences of disqualification are so grave—'destroy[ing] a relationship by depriving a party

of representation of their own choosing.'"  *Id.* (alteration in original) (quoting *Freeman*, 689

F.2d at 722).  "[T]he moving party bears the burden of concretely establishing the necessity of

disqualification."  *Id.* at 891 (citation omitted).

## C. *Discussion*

As a threshold matter, "[t]he general rule accepted by most federal jurisdictions is that

only a current or former client has standing to seek disqualification of an attorney from a matter pending before a court." *Id.* (citing *In re Yarn Processing Patent Validity Litig.*, 530 F.2d 83, 88 (5th Cir. 1976) (collecting cases); *Tizes v. Curico*, No. 94 C 7657, 1997 WL 116797, at *2 (N.D. Ill. Mar. 12, 1997)). Although the rule is not absolute,[1] "courts in this circuit have made clear that the interests protected by Rule 1.7 are the crux of the standing issue." *Id.* at 892. As such, "the proper party to raise the conflict of interest issue, in a motion to disqualify counsel, is the party that [Rule 1.7] was intended to protect—the client or the former client." *Id.* (alteration in original) (quoting *Tizes*, 1997 WL 116797, at *2); *see also Perkins v. Cook Cnty.*, No. 09 C 4930, 2010 WL 747570, at *2 (N.D. Ill. Mar. 2, 2010).

Here, Rogers is not a former or current client of Paulter, Jones, or the IAG's Office. Rather, the current clients of Jones and the IAG's Office are the State Defendants, and Paulter's former clients are the medical professionals she defended in the state court case. As such, the State Defendants and the medical professionals are the parties that have standing to seek disqualification, not Rogers. Generally, "an adversary party lies outside the protective scope of the conflict rules, and thus lacks standing to bring a disqualification motion." *Mills*, 992 F. Supp. 2d at 892 (citing *In re Sandahl*, 980 F.2d 1118, 1121 (7th Cir. 1992); *Blanchard*, 175 F.R.D. at 306).

---

[1] "The Seventh Circuit has not staked out a clear position on the issue of standing to bring disqualification motions." *Id.* Several district courts from the Southern District of Indiana have concluded that opposing counsel may properly raise the question where the conflict "was sufficiently grave to undermine the court's inherent interest in preserving 'the fair or efficient administration of justice.'" *Id.* at 892 (citing *Emmis Operating Co. v. CBS Radio, Inc.*, 480 F. Supp. 2d 1111, 1116 (S.D. Ind. 2007); *Leathermon v. Grandview Mem'l Gardens, Inc.*, No. 4:07-cv-137, 2010 WL 1381893, at *1 n.1 (S.D. Ind. Mar. 31, 2010)). Several district courts from the Northern District of Illinois have concluded the same where the conflict "is such as clearly to call in question the fair or efficient administration of justice." *Id.* (citing *Blanchard v. EdgeMark Fin. Corp.*, 175 F.R.D. 293, 306 (N.D. Ill. 1997); *Tizes*, 1997 WL 116797, at *2; *Thomas & Betts Corp. v. Panduit Corp.*, No. 93 C 4017, 1995 WL 319635, at *1 (N.D. Ill. May 25, 1995)).

In any event, regardless of the standing issue, Rogers has not shown that an actual conflict of interest exists in this matter. To explain, Rule 1.7(a) provides in relevant part:

> [A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

Ind. Rule of Professional Conduct 1.7(a). To reiterate, Rogers has not shown that he has ever been a client of Paulter's. Nor has he shown that he is "a third person" to whom Paulter owed responsibilities contemplated by Rule 1.7, "such as fiduciary duties arising from a lawyer's service as a trustee, executor or corporate director." Ind. Rule of Professional Conduct 1.7 cmt. 9.

Furthermore, the fact that Rogers submitted a consumer complaint about Parkview to the Indiana Attorney General's Consumer Protection Division does not make him a client of the IAG's Office to create a conflict of interest under Rule 1.7. The IAG's Office prosecutes and defends all suits by or against the State of Indiana. Ind. Code § 4-6-2-1(a). The website of the Consumer Protection Division specifically informs a consumer filing a consumer complaint that the Attorney General cannot act as his or her private attorney and that the consumer should seek legal advice from a private attorney. *See* http://www.in.gov/attorneygeneral/2434.htm (last visited July 27, 2016). Thus, the fact that Rogers submitted a consumer complaint to another division of the IAG's Office does not give rise to an attorney-client relationship.

Rogers did allude to one applicable rule, however. Rule 1.11 addresses conflicts of interest for former and current government attorneys. Although Rogers cited subsection (a) pertaining to former government attorneys, Paulter is *currently* employed by the government, and

5

thus, subsection (d) applies.  Rule 1.11(d) provides, in relevant part:

> A lawyer currently serving as a public officer or employee:
> (1) is subject to Rules 1.7 and 1.9; and
> (2) shall not:
>> (i) participate in a matter in which the lawyer participated personally and substantially while in private practice or nongovermental employment, unless the appropriate governmental agency gives its informed consent, confirmed in writing . . . .

Ind. Rule of Professional Conduct 1.11(d).  Here, Rogers simply speculates that Paulter has "participated" in this case; however, he has provided no evidence to suggest that is the case.  And even if Paulter did participate in this case, such a conflict would be waivable by the governmental agency pursuant to Rule 1.11(d)(2)(i).

Furthermore, contrary to Rogers's assertions, any conflict of interest Paulter may have under Rule 1.11(d) is not imputable to Jones and the IAG's Office.  Comment 2 to Rule 1.11 specifically provides that Rule 1.10, which imputes a lawyer's conflict of interest to his or her law firm, is not applicable to the conflicts of interest addressed by Rule 1.11(d).  Ind. Rule Professional Conduct 1.11 cmt. 2 ("Because of the special problems raised by imputation within a government agency, paragraph (d) does not impute the conflicts of a lawyer currently serving as an officer or employee of the government to other associated government officers or employees, although ordinarily it will be prudent to screen such lawyers.").  Consequently, Rogers's assertion that Jones and the IAG's Office must be disqualified under Rule 1.10 based on Paulter's alleged conflict of interest under Rule 1.11 is without basis.

As a final matter, Rogers's claim that Paulter has a conflict because she was wrongly sent a chronological case summary in the state case after she joined the IAG's Office also is not grounds for disqualification.  Although Rogers claims the chronological case summary is "highly

material information," in actuality, chronological case summaries are available to the public.  *See* https://public.courts.in.gov/mycase (last visited July 27, 2016).  Paulter's receipt of information that is publicly available does not create a conflict of interest under the Indiana Rules of Professional Conduct.

To reiterate, disqualification is a "drastic measure" that the Court will impose only when absolutely necessary.  *Mills*, 992 F. Supp. 2d at 890.  Here, Rogers has failed to carry his burden of concretely establishing a need to disqualify Jones and the IAG's Office.  Consequently, his motion to disqualify will be DENIED.

## D.  Conclusion

For the foregoing reasons, Rogers's "Motion to Disqualify Attorney General's Office from Representing the Defendants Stemming from Conflict of Interest" (DE 47) is DENIED.

SO ORDERED.

Entered the 28th day of July 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge