UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DEXTER ROGERS, Individually and as Personal Representative of the ESTATE OF CARRIE BELL ROGERS and as Personal Representative of the ESTATE OF PREMIUS ROGERS, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:16-CV-40-TLS |
| ALLEN SUPERIOR COURT, JUDGE NANCY ESHCOFF BOYER, JUDGE STANLEY A. LEVINE, JUDGE WENDY DAVIS, PARKVIEW HOSPITAL INC., MICHAEL J. PACKNETT, CEO OF PARKVIEW HEALTH, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [ECF No. 30], filed by the Defendants Hon. Nancy Eschoff Boyer, Hon. Stanley A. Levine, Hon. Wendy Davis, and the Allen Superior Court (collectively "the Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6). The pro se Plaintiff, Dexter Rogers, Individually and as Personal Representative of the Estate of Carrie Bell Rogers, and as Personal Representative of the Estate of Premius Rogers, filed the Complaint [ECF No. 1] against the Defendants on January 29, 2016, in relation to an ongoing medical malpractice case in the Allen Superior Court pending under 02D03-1401-CT-39 ("the state case"). Also before the Court is the Plaintiff's Motion to Strike [ECF No. 45] and the Plaintiff's Motion for a Hearing [ECF No. 66]. The Court will consider both of these Motions in conjunction with the Defendants' Motion to Dismiss.

For the reasons stated in this Opinion and Order, the Court finds that the Plaintiff's claims against the Defendants are barred because the Defendants are entitled to immunity and the issues presented by the Plaintiff pose considerations making abstention appropriate. Accordingly, the Motion to Dismiss is granted, and the Plaintiff's pending Motions are termed as moot.

## STANDARD OF REVIEW

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se complaints are to be liberally construed and are held to a less stringent standard than pleadings drafted by lawyers, *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013), and a court may also consider facts alleged in a pro se plaintiff's brief in opposition to a motion to dismiss when considering the sufficiency of the complaint (if the facts are "consistent with the allegations in the complaint"), *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015), the factual allegations in the complaint must nevertheless be enough to raise a right to relief above a speculative level, *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true at the pleading stage, but "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *Adams*, 742 F.3d at 728 (internal citations omitted).

## COMPLAINT ALLEGATIONS

The Complaint stems from an ongoing medical malpractice claim initiated by the Plaintiff on June 23, 2013, in Allen Superior Court. Since the Plaintiff's state complaint was filed, the Plaintiff alleges that various Allen Superior Court judges violated Indiana rules and procedure and discriminated against him because of his race. Accordingly, the Plaintiff filed suit in federal court, invoking Title VI of the Civil Rights Act of 1962, 42 U.S.C. § 2000d *et seq.*, as the grounds for relief. The statute provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance." *Id.* § 2000d. The Complaint seeks declaratory, injunctive, and compensatory relief, and attorney's fees.[1]

The Plaintiff alleges that Judge Levine, who first presided over the state case, engaged in ex parte communications with state defense counsel and allowed state case defense counsel to conduct discovery abuses, including making alleged misrepresentations and failing to abide by Indiana Trial Rule 12(F) by filing a motion to dismiss and then withdrawing it. The Plaintiff claims that these actions demonstrate Judge Levine's "gross and willful disregard for the trial rules" because there was no "admonishment and/or sanction" of state defense counsel. (Compl. ¶¶ 6, 12–14.) Furthermore, the Plaintiff alleges that Judge Levine failed to hear the Plaintiff's motion and therefore, denied the Plaintiff access to the court.

The case was subsequently reassigned to Judge Boyer and the Plaintiff alleges that Judge Boyer similarly "did not admonish and/or sanction" state defense counsel for violating a court order regarding discovery, prevented the Plaintiff's access to the court by denying the Plaintiff's

---

[1] On March 6, 2017, the Plaintiff's allegations against Parkview Hospital, Inc. and Michael Packett were dismissed [ECF No. 67]. Accordingly, these claims are not at issue today.

motions (but granting state defense counsel's motion), provided state defense counsel with "legal advice", admonished the Plaintiff to act civilly during a deposition, and deprived the Plaintiff of his due process rights. (Compl. ¶¶ 45–58, 64, 71, 76–77, 80.) The Plaintiff alleges that his race was the motivating reason behind Judge Boyer's actions.

The Plaintiff also alleges that he properly requested ex parte communications with then Chief Judge Davis, pursuant to the Indiana Trial Rules, but Chief Judge Davis refused to engage in ex parte communications with him regarding the state case. Finally, the Plaintiff alleges that the Allen Superior Court deprived him of his due process rights. The Plaintiff claims that his race was the reason behind these acts.

## ANALYSIS

The Defendants assert that they are entitled to dismissal because: (1) they are absolutely immune from suit and (2) the *Younger* doctrine requires that this Court abstain from deciding the Plaintiff's request for declaratory and injunctive relief. If the Court proceeds into an analysis of whether the Plaintiff's allegations state a claim pursuant to 42 U.S.C. § 1983 and/or 42 U.S.C. § 2000d, the Defendants argue that: (1) the Defendants are not "persons" subject to suit under § 1983 and are thus entitled to Eleventh Amendment immunity and (2) the Plaintiff has failed to state a claim under the Civil Rights Act of 1964. The Court has addressed these arguments below.

## A. The Defendants Are Immune From Suit.

### 1. *The Judges*

The Defendants argue that they are immune from suit because they are judicial officers and the Plaintiff's suit concerns actions taken by the Defendants in their judicial capacity. Judicial officers are "not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdictions, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "The doctrine of judicial immunity is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993). "[J]udicial immunity is not overcome by allegations of bad faith or malice . . .", *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citation omitted), nor is immunity defeated by allegations that the judge conspired with non-immune persons, *Pena v. Mattox*, 84 F.3d 894, 897 (7th Cir. 1996). Moreover, judicial immunity includes protection from Title VI actions. *McKnight v. Middleton*, 669 F. Supp. 2d 507, 528 n 5 (E.D.N.Y. 2010), *aff'd*, 434 F. App'x. 32 (2d Cir. 2011); *see also Williams v. Mannlein*, 637 F.App'x 221, 221 (7th Cir. 2016) (acknowledging that the district court dismissed a Title VI suit against the state court judge "reason[ing] that the judge had absolute immunity"). However, judicial immunity can be defeated where the judge's acts were not taken in the judge's judicial capacity or were taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12.

To aid in the determination of whether a particular act or omission is entitled to judicial immunity, the Seventh Circuit has articulated the following factors to analyze: (1) the expectations of the parties, i.e., whether the parties dealt with the judge as judge; (2) whether the

act is normally performed by a judge; and (3) whether the act or decision involves the exercise of discretion or judgment, or is rather a ministerial act "which might as well have been committed to a private person as to a judge." *Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005) (citation omitted).

First, the Plaintiff himself agrees that the alleged violations of his rights occurred within the purview of the judicial function when the Defendants "fail[ed] to enforce [their] own Orders of the Court and simultaneously den[ied] the Plaintiff access to the Courts." (Pl.'s Resp. Br. 2, ECF No. 38; *see also Stump*, 435 U.S. at 360 (holding a judge immune from suit when "Respondents themselves stated in their pleadings before the District Court that Judge Stump was . . . [,] at the time he approved the petition[,] acting as a county circuit court justice.").) Thus, the expectations of the parties indicate that they understood and believed that they were dealing with the judges in their official judicial roles.

Second, the claims against Judge Levine and Judge Boyer concern their rulings on various motions filed by the state case parties concerning discovery disputes, failure to sanction motions, and admonishments. These rulings are "normally performed by a judge in his capacity as a judicial officer," as judges routinely rule on discovery disputes during the course of litigation and have discretion to admonish or sanction counsel for their conduct. *Johnson v. Hanser*, 607 F.App'x 581, 583 (7th Cir. 2015). Similarly, Chief Judge Davis's refusal to engage in ex parte communications with a party concerning an ongoing case is an action done within her capacity as a judicial officer tasked with upholding local court rules.

Third, Judge Levine and Judge Boyer used their judicial discretion when ruling on the various motions and requests for sanctions, and Chief Judge Davis used her judicial discretion when deciding not to intervene in an ongoing proceeding by way of ex parte communications.

6

These discretionary actions implicate the judges' roles as judges in their official judicial capacity and thus, are immune. *See Dawson*, 419 F.3d at 662 ("To the extent that the statute imposes a duty on the judge at all, that duty implicates the judge's role *as judge* rather than as an administrative or clerical officer.") (emphasis in original).

In the same vein, Judge Levine's and Judge Boyer's holdings, in connection with the medical malpractice claim and the associated discovery and motion practice, were not made in the clear absence of all jurisdiction because these decision are within the bounds of judicial function. Moreover, while the Indiana Trial Court Rules may permit ex parte communications in certain circumstances, Chief Judge Davis's decision to use her judicial discretion and abstain from engaging in ex parte communications is within her role as Chief Judge and was not made in the clear absence of all discretion. Though Plaintiff argues that the judges "inflicted . . . willful inequitable administration of justice" (Pl.'s Resp. Br. 6), whether or not the judges acted in bad faith or malice is not the relevant inquiry because judicial immunity applies even when the judicial actions "are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 355–56. Moreover, judicial immunity applies even to Title VI actions. *McKnight*, 669 F. Supp. 2d at 528; *Williams*, 637 F.App'x at 221.

Upon analysis of the Plaintiff's Complaint and the Record, this Court finds that the parties engaged with the judges in their judicial capacities, the rulings and actions made by Judge Levine and Judge Boyer were typical of presiding judges in a state court case and Judge Davis's role as the former Allen Superior Court Chief Judge, and the judges' actions constitute discretion. Accordingly, this Court holds that all of the Plaintiff's claims concern actions taken by these judges, for which they are entitled to absolute judicial immunity.

*2.  The Court*

The Plaintiff also maintains that the Allen Superior Court as an entity "denied him full access to the Court system to advance his claim when compared to white litigants . . . ." (Compl. ¶ 98.) This claim by the Plaintiff is another attempt at arguing that the judges denied him access to the state court by ruling against his motions, discovery requests, and request for ex parte communications.

The Seventh Circuit has held that judicial immunity attaches to the "act or omission" at issue, and not solely to the person. *Dawson*, 419 F.3d at 661; *Wilson v. Kelkhoff*, 86 F.3d 1438, 1445 (7th Cir. 1996). Accordingly, because the Plaintiff's allegation that he was denied access to the Allen Superior Court is an extension of his claim against the conduct of the Allen Superior Court judges, and this Court has found the actions of the judges immune, judicial immunity also extends to the Allen Superior Court.

**B.  This Court Will Abstain From Deciding The Plaintiff's Request for Declaratory And Injunctive Relief.**

In his Prayer for Relief, the Plaintiff also appears to seek declaratory and injunctive relief, asking the Court to "enjoin[] and permanent[ly] restrain[]" the Defendants, direct the Defendants "to take such affirmative action as is necessary to ensure that the effects of" their alleged conduct is eliminated, and "[f]or appropriate declaratory relief regarding the unlawful and unconstitutional acts and practices of the Defendants." (Compl. p. 27 ¶¶ A, C.) In effect, the Plaintiff is seeking an injunction to reverse, amend, or otherwise enjoin the effects of the orders made by Judge Levine and Judge Boyer in the state case. This Court holds that the issues presented by the Plaintiff pose considerations that make abstention appropriate under *Younger v. Harris*, 401 U.S. 37 (1971).

The basic principle of *Younger* abstention is that, absent extraordinary circumstances, a federal court should not interfere with pending state judicial proceedings. *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986). This principle, based on federalism and comity concerns, particularly applies to civil proceedings when important state interests are involved. *Id.* (citing *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626–28 (1986)); *Middlesex Cty. Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 432 (1982). The Supreme Court has articulated three factors to aid in the determination of whether the *Younger* abstention doctrine applies in a civil proceeding. A court should consider whether: (1) there is "an ongoing state judicial proceeding"; (2) the "proceedings implicate important state interests"; and (3) "there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cty. Ethics Comm.*, 457 U.S. at 432.

Here, the parties have represented to the Court that the underlying state case is an ongoing judicial proceeding in the Indiana state court system, (Compl. 2; Def.'s Reply. Br. 8.), thus fulfilling the first part of the test. Second, this Court finds that Indiana has an important state interest in ensuring the integrity of its court proceedings, including ensuring that its own state courts interpret the state's rules and conduct proceedings without interference. "An important motivation for the Supreme Court's decision to abstain in *Younger* was the notion of comity: 'that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.'" *Hickey v. Duffy*, 827 F.2d 234, 245 (7th Cir. 1987) (citing *Younger*, 401 U.S. at 44).

After review of the Plaintiff's allegations in this case, the Court further finds that the Plaintiff's particular complaints implicate important Indiana state interests because the Plaintiff's allegations of racial bias stem from his dissatisfaction with applications of Indiana state law and procedure—the Plaintiff brought suit against the Defendants complaining of discovery disputes and party conduct, ultimately governed by Indiana's Rules of Trial Procedure. These are matters of Indiana law and procedure that should be determined by state courts without interference. Accordingly, the Court abstains from acting as "a federal court instruct[ing] state officials on how to conform their conduct to state law." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 90 (1984).

Finally, the Seventh Circuit has "decline[d] to presume that the Indiana courts . . . will not discharge th[e] obligation" to protect a party's federal rights. *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 697 (7th Cir. 1985). Though the Plaintiff's remaining claims implicate purported violations of the Plaintiff's federal rights by Defendants other than those that are the subject of the state court suit, these remaining claims ask this Court for declaratory and injunctive relief to reverse or enjoin the Defendants' rulings. However, there is no need for this relief because the Plaintiff has an adequate opportunity, if he is dissatisfied with the Defendants' rulings, to appeal the case to the next level of appellate review within the state court system. *See Duff El v. U.S. Dep't of Agric. Rural Hous. Serv.*, No. 07-C-031-C, 2007 WL 5582066, at *1 (W.D. Wis. Jan. 31, 2007) (holding in a case in which the plaintiff sued the state court judge, "If petitioner believes that her rights are being violated in the context of the state proceedings, she may raise her claims before [the state court judge] or on appeal to the [state supreme court]"); *see also Younger* 401 U.S. at 45 ("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."). In other words, if

the Plaintiff believes the state court rulings are *incorrect*, he has an adequate remedy of appellate review within the state court system. If the state court rulings are *correct*, though they may be predicated on race, the Plaintiff has prevailed and no longer has the requisite irreparable harm needed for relief. *See Straw v. Indiana Supreme Court*, No. 116-CV-03483 JMS TAB, 2017 WL 289958, at *1 (S.D. Ind. Jan. 23, 2017) (holding that the party seeking an injunction must show that "it has 'no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied.'") (quoting *Stuller, Inc. v. Steak N Shake Enters., Inc.*, 695 F.3d 676, 678 (7th Cir. 2012)) (other citation omitted). Accordingly, as in *Johnson v. Lopinot*, disposition of the state court action will resolve the Plaintiff's claims before this Court and thus, abstention by this Court is appropriate and necessitates dismissal of this action. No. 09-CV-1009-JPG, 2010 WL 4595669, at *4 (S.D. Ill. Nov. 4, 2010) ("Although a stay generally represents the extent of . . . abstention, dismissal is warranted here. Disposition of the state-court action will assuredly do away with all claims before this Court."); *see also Capital Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) ("[A] court must dismiss the case without ever reaching the merits if it concludes that it has no jurisdiction."). The court in *Johnson* explained its rationale:

> If [the plaintiff's] direct appeal of her claim . . . proves successful, there will be no need for this case to continue. Meanwhile, if the [state appellate court] affirm[s the state court judge's] ruling and/or dismiss[es the plaintiff's] appeal, this action would essentially represent an impermissible collateral attack . . . . The Court trusts the appellate courts . . . to rule appropriately if entry of the amended judgment was truly incorrect as a matter of law. [The Plaintiff] has not argued to the contrary, and the Court will not attempt to do so for her.

*Id.* This rationale similarly applies in this case. Because the Plaintiff asks to enjoin pending state civil proceedings, which concern the important state interest of applying and enforcing the state's law through the state's own judiciary, and because the relief the Plaintiff seeks can be obtained in the state court system, *Younger* abstention is appropriate. *See Straw*,

2017 WL 289958, at *3 (citing *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996) ("When confronted with circumstances that clearly implicate *Younger* concerns, a federal court must abstain.").)

**C.     The Defendants' Remaining Arguments.**

Because the Court has determined that the Defendants are entitled to judicial immunity and the Court will not interfere with matters of state court proceedings, the Court declines to address the remainder of the arguments posited by the Defendants regarding the sufficiency of the Plaintiff's allegations, as these arguments are moot.

**CONCLUSION**

For the reasons stated above, the Court GRANTS the Motion to Dismiss of the Defendants [ECF No. 30].  Because the Plaintiff's Complaint is dismissed, the Court DENIES the Plaintiff's Motion for a Hearing [ECF No. 66]. Moreover, the Court did not consider the portions of the Defendants' Reply Brief at issue in the Plaintiff's pertinent Motion to Strike [ECF No. 45], and thus, the Motion is MOOT. All Defendants having now been dismissed, the Clerk of Court is directed to close this case.

SO ORDERED on March 27, 2017.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT